# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

SHAMONA M. SIMMONS,

            Plaintiff,

v.                                                Case No. 6:21-cv-1748-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

            Defendant.

_____

# OPINION AND ORDER[1]

## I.   Status

    Shamona M. Simmons ("Plaintiff") is appealing the Commissioner of the
Social Security Administration's ("SSA('s)") final decision denying her claims
for disability insurance benefits ("DIB") and supplemental security income
("SSI").[2] Plaintiff's alleged inability to work is the result of bipolar disorder,
severe depression, "Knock and shoulder disease [sic]", arthritis, hepatitis B, and

---

[1]     The parties consented to the exercise of jurisdiction by a United States
Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge
(Doc. No. 18), filed December 21, 2021; Order (Doc. No. 22), entered January 20, 2022.

[2]     During the administrative process, Plaintiff's last name changed from Doughty
to Simmons, so documents reflect both names.

vericose veins. Transcript of Administrative Proceedings (Doc. No. 19; "Tr." or "administrative transcript"), filed December 21, 2021, at 67, 82-83, 205.

On August 27, 2015, Plaintiff protectively filed the DIB application, and on October 11, 2016, Plaintiff protectively filed the SSI application, alleging a disability onset date of January 13, 2015 in the DIB application and October 11, 2016 in the SSI application.[3] Tr. at 158-59 (DIB), 169-75 (SSI). Later, it was determined that the alleged onset disability date for both applications would be January 13, 2015. See Tr. at 15, 737-38. The applications were denied initially, Tr. at 67-80, 81, 100-02, 103; and upon reconsideration, Tr. at 82-98, 99, 105-09, 110.[4]

On June 20, 2018, an Administrative Law Judge ("ALJ") held a hearing, during which she heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 34-66 (transcript), 149-50 (appointment of representative documents). On September 4, 2018, the ALJ issued a decision finding Plaintiff not disabled through the date of the decision. See Tr. at 15-27.

Plaintiff requested review of the ALJ's decision. Tr. at 4-5 (Appeals

---

[3]     The DIB application was actually completed on August 28, 2015. See Tr. at 158. The SSI application was actually completed on November 21, 2016. See Tr. at 169. The protective filing date for the DIB application is listed in the administrative transcript as August 27, 2015. See, e.g., Tr. at 67, 82. The protective filing date for the SSI application is listed in the administrative transcript as October 11, 2016. See Tr. at 15.

[4]     The documentation of the initial and reconsideration levels for the SSI application was not located in the administrative transcript.

Council Exhibit List and Order), 157 (request for review). On July 5, 2019, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's decision the final decision of the Commissioner.

Plaintiff appealed the Commissioner's final decision to this Court. On January 29, 2021, this Court entered a Memorandum of Decision reversing and remanding the Commissioner's final decision with instructions to reevaluate the opinions of treating rheumatologist Dr. Abdul Lodhi and Dr. Nilusha Fernando. Tr. at 788-98. Judgment was entered on February 1, 2021. Tr. at 799.

On remand, the Appeals Council on February 11, 2021 remanded the matter back to an ALJ consistent with the Court's instructions. Tr. at 803. Another ALJ held a hearing on June 2, 2021. Tr. at 733-87. The ALJ issued a Decision on July 8, 2021 finding Plaintiff not disabled through the date of the Decision. Tr. at 715-25. The ALJ's Decision became the final decision of the Commissioner. On October 20, 2021, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff raises as issues: 1) "whether the ALJ erred in evaluating the treating opinions of Drs. Fernando and Lodhi and, if the ALJ erred, whether he failed to follow this Court's instructions on remand"; and 2) "whether the ALJ ignored mental opinion evidence including Dr. Collins' April 13, 2018 opinion; the June 14, 2018 unnamed source opinion; and Plaintiff's

treating counselor's opinion that was submitted with evidence after remand." Joint Memorandum (Doc. No. 39; "Joint Memo"), filed June 16, 2022, at 21, 36 (some capitalization and emphasis omitted); see id. at 21-30, 36-38.

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of the opinion evidence of Drs. Fernando and Lodhi (Plaintiff's first issue). Given that the matter is due to be remanded for this reason, on remand, the Administration shall ensure proper consideration of the mental opinion evidence as well (Plaintiff's second issue).[5]

## II.   The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a

---

[5]        Defendant admits that several mental opinions were not explicitly discussed by the ALJ but argues the omissions are harmless. Joint Memo at 38-40. In light of the need to remand on the other issue, the Court need not make this determination. Instead, on remand, it shall be ensured that there is adequate consideration of all opinion evidence.

[6]        "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 718-25. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since January 13, 2015, the alleged onset date." Tr. at 718 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: lumbar and cervical degenerative disc disease, fibromyalgia, migraine headaches, depression, bi-polar disorder, schizoaffective disorder, substance use disorder." Tr. at 718 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 718 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

- 5 -

> [Plaintiff can] perform sedentary work as defined in 20 CFR [§§] 404.1567(a) and 416.967(a) except sedentary work, which is simple and routine. [Plaintiff] requires the use of a cane for ambulation. She can occasionally stoop, kneel, crouch, or crawl; can never climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs. She should avoid exposure to hazards, such as heights or machinery with moving parts. She can frequently reach (including overhead) with the upper extremities. She can frequently handle and finger with the upper extremities. No production rate pace work. She can have occasional changes in routine work place setting and occasional contact with co-workers, supervisors, and the general public. No commercial driving. The hypothetical individual is likely to be off task 10% of the work period.

Tr. at 720 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "customer service rep" and a "telephone solicitor." Tr. at 724 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("39 years old . . . on the alleged disability onset date"), education ("limited education"), work experience, and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 724, such as "document preparer," "[s]tuffer," and "[e]yeglass frame polisher," Tr. at 725 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from January 13, 2015, through the date of th[e D]ecision." Tr. at 725 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred and also failed to follow the Court's remand instructions in evaluating the opinions of Dr. Fernando and Dr. Lodhi. Joint Memo at 21-30. Plaintiff also argues, tangentially, that the ALJ erred in addressing her fibromyalgia diagnosis. Id. at 29-30. Responding, Defendant contends that the ALJ properly followed the remand instructions and evaluated the opinions and the fibromyalgia. Id. at 30-36.

"Medical opinions[7] are statements from [physicians or other] acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). Acceptable medical sources include licensed physicians, licensed psychologists,

---

[7]        On January 18, 2017, the SSA revised the Rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844, 5,844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (Mar. 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Because Plaintiff protectively filed her claims before that date, the undersigned cites the Rules and Regulations that are applicable to the date the claims were filed, as well as Eleventh Circuit authority interpreting those Rules and Regulations. The parties agree this is appropriate. Joint Memo at 23, 30-31.

licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. 20 C.F.R. § 404.1502(a).[8]

The Regulations establish a hierarchy among medical opinions that provides a framework for determining the weight afforded each medical opinion. See 20 C.F.R. § 404.1527. Essentially, "the opinions of a treating physician are entitled to more weight than those of a consulting or evaluating health professional," and "[m]ore weight is given to the medical opinion of a source who examined the claimant than one who has not." Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1259, 1260 n.5 (11th Cir. 2019). Further, "[n]on-examining physicians' opinions are entitled to little weight when they contradict opinions of examining physicians and do not alone constitute substantial evidence." Id. at 1260 (citing Sharfarz v. Bowen, 825 F.2d 278, 280 (11th Cir. 1987) (per curiam)).

The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization." 20 C.F.R. § 404.1527(c)(2)-(5);

---

[8]     For claims filed on or after March 27, 2017, acceptable medical sources also include licensed audiologists, licensed Advanced Practice Registered Nurses, and licensed Physician Assistants. 20 C.F.R. § 404.1502(a)(6)-(8).

see also 20 C.F.R. § 404.1527(f); Walker v. Soc. Sec. Admin., Comm'r, 987 F.3d 1333, 1338 (11th Cir. 2021) (citation omitted); McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citation omitted) (stating that "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists").

An ALJ is required to consider every medical opinion. See 20 C.F.R. § 404.1527(c) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. 1981) (citation omitted); see also 20 C.F.R. § 404.1527(c)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz, 825 F.2d at 279); Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis, 125 F.3d at 1440.

This Court, in reversing the Administration's original final decision on disability, found that the ALJ's analysis of Dr. Lodhi's opinions was deficient in a number of respects. First, the Court pointed out that the ALJ, in analyzing

the opinion evidence, attributed an unsigned opinion to Dr. Lodhi, and then lumped that opinion together with Dr. Lodhi's August 10, 2017 opinion. Tr. at 795. The Court found that "it is unclear from the ALJ's decision to which opinion she is referring [in finding it is not supported because of mostly normal findings], which both calls into question whether the ALJ weighed Dr. Lodhi's August 10, 2017 opinion and frustrates the Courts' ability to conduct a meaningful review of the weight the ALJ apparently assigned to that opinion." Tr. at 795. The Court also found that, even assuming the ALJ meant to apply to Dr. Lodhi's August 10, 2017 opinion the finding about the opinion not being supported by the evidence, "it is, at best, conclusory because the ALJ does not cite or discuss any specific evidence (in the context of that finding) to support it." Tr. at 795. "Thus, the Court would have to speculate about the evidence to which the ALJ was referring." Tr. at 795. The Court went on to say:

> This is particularly true where the record contains a fair number of treatment notes, including from Dr. Lodhi, that document multiple tender points, tenderness in the cervical and lumbar spine, and pain with movement of those portions of [Plaintiff's] spine. [Tr. at] 521, 524, 526, 538, 542, 551, 554-55, 561, 566-67, 572, 584, 588, 593, 599, 604, 610-11, 621, 627, 632, 637, 642.[]

Tr. at 796. In light of these findings, the Court concluded "the ALJ has not articulated a good cause reason supported by substantial evidence to assign Dr. Lodhi's August 10, 2017 opinion less than controlling weight." Tr. at 796.

Dr. Lodhi had authored another opinion—this one dated June 8, 2018—that the Court also addressed in reversing and remanding the matter. The Court found the ALJ's reasoning as to this opinion "similarly deficient" because, among other reasons, the ALJ recited that Plaintiff "had full grip strength and muscle strength of her bilateral upper extremities" in discounting the opinion and, "[w]hile such evidence is sufficient [on the bilateral upper extremity strength], it does little, if anything, to undermine his opinions about [Plaintiff's] ability to sit, stand, and walk, her postural limitations, or her ability to use her feet." Tr. at 796, 797. The Court therefore found that "the ALJ did not articulate good cause reasons for assigning the entirety of Dr. Lodhi's opinion less than controlling weight." Tr. at 797.

On remand, the ALJ addressed Dr. Lodhi's opinions as follows:

> Her treating physician, Dr. Lohdi [sic], submitted opinions. He opined [Plaintiff] could not sit nor stand for thirty minutes at a time and would need frequent breaks (Exhibit B27F/5). He submitted another opinion in which he opined [Plaintiff] was disabled from full-time work and opined she could never perform postural activities and could never lift or carry over five pounds (Exhibit B22F).
>
> Dr. Lohdi's [sic] opinion is inconsistent with the record which indicated mostly normal muscle strength in her extremities with normal gait findings as well, despite her pain complaints. Additionally, the issue of disability is reserved to the commissioner, so the portion of their opinions regarding her being unable to work are given no weight (Exhibit (B7F/6, 13; B14F/3; B17F/3, 19; B18F/9; B20F/3; B21F/2; B29F/35, 53).

Tr. at 723.

To start, in light of the Court originally pointing out the confusing nature of how three different opinions were attributed to Dr. Lodhi (one of which may not have been authored by Dr. Lodhi) and then the confusing nature of how they were addressed in the original decision, the election by the ALJ on remand not to date Dr. Lodhi's opinions is perplexing.

Nor does it appear the ALJ made a real effort to apply the instructions in the Court's remand order. In addressing Dr. Lodhi's opinions, the ALJ first cited "Exhibit B27F/5," Tr. at 723, which is Dr. Lodhi's August 10, 2017 opinion,[9] <u>see</u> Tr. at 711. The ALJ correctly summarized the opinion as indicating Plaintiff "could not sit nor stand for thirty minutes at a time and would need frequent breaks." Tr. at 723 (citation omitted). The ALJ next cited "Exhibit B22F," Tr. at 723, which is Dr. Lodhi's June 8, 2018 opinion, <u>see</u> Tr. at 668-70. This time, the ALJ summarized the opinion as "opin[ing that Plaintiff] was disabled from full-time work and [that] she could never perform postural activities and could never lift or carry over five pounds." Tr. at 723 (citation omitted). But, Dr. Lodhi's June 8, 2018 opinion was not so limited, <u>see</u> Tr. at 668-70, calling into question whether it was fully considered.

---

[9]     This very same exhibit, B27F, contains the problematic unsigned opinion. Tr. at 707-08.

More importantly, the ALJ's analysis of both the opinions suffers from similar flaws as the Court pointed out in the first instance. The ALJ referred to a singular "opinion" in discounting Dr. Lodhi's opinions. Tr. at 723. Then, the ALJ provided a quite conclusory reason for discounting Dr. Lodhi's "opinion": that it "is inconsistent with the record which indicated mostly normal muscle strength in her extremities with normal gait findings as well, despite her pain complaints." Tr. at 723. The ALJ did not address the evidence the Court cited in deciding the appeal that documented abnormalities, including tender points. Compare Tr. at 723 (ALJ's Decision), with Tr. at 796 (Memorandum of Decision). Moreover, similar to the Court's findings in the last appeal, this reason in itself would not be applicable to the entirety of Dr. Lodhi's opinions.

The ALJ correctly observed that the ultimate question of disability is reserved to the Commissioner and, therefore, Dr. Lodhi's opinion on that matter was not entitled to weight. Tr. at 723. But, Dr. Lodhi's opinions addressed far more than the ultimate question; to the extent they did, the ALJ needed to provide adequate reasons, supported by substantial evidence, for discounting them. Since the ALJ failed to do so, the matter must be reversed and remanded once more.

As to Dr. Fernando's opinion, in the first appeal, this Court did not substantively address it, instead instructing that "on remand, the ALJ should reevaluate . . . Dr. Fernando's opinion and, if the ALJ again assigns that opinion

less than controlling weight, [he or] she should ensure that [the] reasons for doing so are properly supported and allow a reviewing court to evaluate whether the reasons are supported by substantial evidence." Tr. at 797.

On remand, the ALJ stated the following as to Dr. Fernando's opinion:

> Dr. Nilusha Fernando treated [Plaintiff] for fibromyalgia. Dr. Fernando opined that [Plaintiff] was capable of less than sedentary work with postural limitations and opined she would miss work at least three days a month. Dr. Fernando also opined that [Plaintiff's] mental health symptoms contributed to the severity of [Plaintiff's] symptoms. She later opined that [Plaintiff] could never bend, squat, crawl or climb and occasionally reach. She also added [Plaintiff] would need to recline for three hours in an eight hour day and it would be impossible to function in a work setting (Exhibit B16F; B28F; B32F).
>
> The undersigned gives little weight to the opinion of Nilusha Fernando, DO., as the record indicated mostly normal muscle strength in her extremities with normal gait findings as well. Additionally, Dr. Fernando did not treat [Plaintiff] for her psychological impairments, thus, this part of the opinion is not within Dr. Fernando's area of expertise.

Tr. at 723.

Again, in discounting Dr. Fernando's opinion, the ALJ provided a rather conclusory reason without adequately addressing the contrary evidence on Plaintiff's fibromyalgia—some of which the Court specifically pointed out in the last appeal. On remand, the ALJ shall ensure compliance with the Court's remand instructions to "ensure that [the] reasons for [giving an opinion less

than controlling weight] are properly supported and allow a reviewing court to evaluate whether the reasons are supported by substantial evidence." Tr. at 797.

## V.   Conclusion

In light of the foregoing, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. §405(g) and § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)     Reconsider the opinions of Dr. Lodhi and Dr. Fernando; if the opinions are discounted, provide adequate reasons, supported by substantial evidence, for doing so;

(B)     Explicitly consider and adequately address all mental opinion evidence; and

(C)     Take such other action as may be necessary to resolve these claims properly.

2.   The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 13, 2023.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record